## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROWE PLASTIC SURGERY OF NJ LLC,<br><br>Plaintiff,<br><br>-against-<br><br>LEADING EDGE ADMINISTRATORS,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Rowe Plastic Surgery of NJ LLC ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against Leading Edge Administrators ("Defendant"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a medical provider with a principal place of business at 89 Valley Road, Montclair, New Jersey 07042-2212.

2. Upon information and belief, Defendant and/or its subsidiaries are engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 9 U.S. Code §9.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred with the District.

### FACTUAL BACKGROUND

5. Plaintiff is a medical practice who specializes in plastic surgery.

6. On August 16, 2023, Lisa M. Schneider, MD, a surgeon employed by Plaintiff, performed surgical treatment on a patient identified as S.J. ("Patient") at Hudson Regional Hospital, a hospital located in Secaucus, New Jersey.

7. At the time of his treatment, Patient was the beneficiary of a health plan issued or administrated by Defendant.

8. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payments for certain procedures billed under their Current Procedural Terminology ("CPT") codes.

9. Defendant failed to make the full payment under CPT Code 19318-50, and this codes was subsequently arbitrated by an independent dispute resolution ("IDR") entity, to which Plaintiff received awards.

10. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

11. However, since the services were rendered at an in-network facility, the payment process for Plaintiff's services is governed by the Federal No Surprises Act ("the Act").

12. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

13. Plaintiff issued a Health Care Financing Administration ("HCFA") medical bill to Defendant, seeking payments from Defendant for the medical services rendered.

14. Plaintiff billed Defendant $150,000.00 for CPT code 19318-50.

15. In response to Plaintiff's bill for CPT code 19318-50, Defendant allowed payment of $293.92, which was entirely under the Patient's deductible.

16. Plaintiff disputed Defendant's underpayment for CPT code 19318-50 and initiated the negotiation period called for by the Act.

17. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such an arbitration as called for by the Act (Arbitration Dispute DISP-884612).

18. On February 28, 2024, the arbitrator ruled in Plaintiff's favor, awarding Plaintiff a total of $112,500.00, amounting to an additional amount of $112,206.08 due and owing. (*See*, **Exhibit A**, attached hereto.)

19. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

20. In this case, the additional payment was due on March 29, 2024. However, Defendant failed to issue the additional payment amount awarded in arbitration.

21. As of the date of this Complaint, over 150 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

22. For DISP-884612, Plaintiff has failed to pay an additional $112,206.08, which is currently due and owing.

23. As a result, Plaintiff has been damaged in the total amount of $112,206.08 in regard to the failure to pay the awards for this procedure and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

## PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

26. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

27. Indeed, this District has held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

28. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

29. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award issued on February 28, 2024.

## COUNT TWO

### VIOLATION OF THE FEDERAL NO SURPRISES ACT

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Under the federal No Surprises Act, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the Act's negotiation period.

32. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act under Arbitration Dispute DISP-884612.

33. On February 28, 2024, Federal Hearings and Appeals Services, Inc. issued an arbitration award in Plaintiff's favor, awarding Plaintiff a total of $112,500.00 for the medical services rendered.

34. According to the No Surprises Act, Defendant had until March 29, 2024 to remit the additional arbitration payment to Plaintiff.

35. As of the date of the filing of this Complaint, Defendant has failed to remit the additional arbitration payment to Plaintiff, and currently owes Plaintiff $112,206.08 for this award.

36. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

### CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order confirming the arbitration award, DISP-884612, dated February 28, 2024.

B. For an Order directing Defendant to pay Plaintiff $112,206.08.

C. For attorney's fees, interest, and costs of suit; and

D. For such other and further relief as the Court may deem just and equitable.

Dated: Oakland, New Jersey
September 30, 2024

GOTTLIEB AND GREENSPAN, LLC
*Attorneys for Plaintiff*

By: /s/ Joseph G. Devine, Jr.
Joseph G. Devine, Jr.
169 Ramapo Valley Road, Suite ML3
Oakland, New Jersey 07436
(201) 644-0894